**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**FACTORY MUTUAL INSURANCE COMPANY,**
**as Subrogee of Standex International Corporation**
**and STANDEX INTERNATIONAL CORPORATION**                    **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO.:  3:20cv180-DMB-RP**

**STEVEN THOMAS D/B/A THOMAS**
**WHOLESALE AND SALVAGE, JASPER**
**CREEK, LLC, and UNION COUNTY,**
**MISSISSIPPI, acting by and through the Board**
**of Supervisors for the Third Supervisors District**
**of Union County, Mississippi**                        **DEFENDANTS**

**and**

**JASPER CREEK, LLC**                        **COUNTER-PLAINTIFF**

**VS.**

**FACTORY MUTUAL INSURANCE COMPANY,**
**Individually and As Subrogee of Standex International Corporation,**
**STANDEX INTERNATIONAL CORPORATION,**
**NATIONWIDE MUTUAL INSURANCE COMPANY,**
**MASTER-BILT REFRIGERATION SOLUTIONS,**
**an unincorporated association d/b/a**
**MASTER-BILT NEW ALBANY,**
**XYZ UNKNOWN CORPORATIONS, and**
**JOHN DOES 1-10**                        **COUNTER-DEFENDANTS**

**and**

**JASPER CREEK, LLC**                        **CROSS-PLAINTIFF**

**VS.**

**STEVEN THOMAS, Individually, and d/b/a**
**THOMAS WHOLESALE AND SALVAGE**                **CROSS-DEFENDANT**

**JASPER CREEK, LLC'S ANSWER, DEFENSES AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT, and**
**JASPER CREEK'S SEPARATE COUNTERCLAIM and CROSSCLAIM**

**COMES NOW** the Defendant, Jasper Creek, LLC ("Jasper Creek"), by and through counsel and for its Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint submits the following:

**FIRST DEFENSE**

Plaintiffs' Complaint should be dismissed in its entirely for failure to comply with Fed. R. Civ. P. 9. The following facts are pled in support of this defense pursuant to Rule 9 (2) Fed. R. Civ. P., to wit, upon information and belief, both Plaintiffs have failed to sufficiently plead any basis for asserting the claims made in this case including the basis for the special damages alleged. This failure is exemplified by a failure to attach any copy of any and all policies under which the claims are alleged to originate, failure to attach any other documents showing that as of the time suit was filed that Factory Mutual had any right to pursue subrogation at all or specifically against Jasper Creek, and the related failure to show either Plaintiff had standing to assert any claim under the lease with Jasper Creek. The lease attached as exhibit 1 to Plaintiffs' Complaint shows the named lessee is "Master-Bilt, a Standex International Corporation Company". (hereinafter "Master-Bilt: and/or "Master-Bilt Company"). The lease does not show Standex International Corporation as the lessee or a signatory. Rent was paid to Jasper Creek from a Master-Bilt account. Upon information and belief, the named lessee, Master-Bilt Company was not an insured under any Factory Mutual policy under which any claim for the June 26, 2019, fire was adjusted or paid by Factory Mutual.

Further, upon information, Master-Bilt was an unincorporated association which may have been incorporated after the fire at issue here and sold to a third party prior to the filing of this suit, and there is no pleading or exhibit showing that Standex owned the claims that could be asserted

by, for or in the name of Jasper Creek's lessee, Master-Bilt Company at or at any time before this suit was filed or that Master-Bilt's purchaser authorized this suit. A copy of an article referencing this sale is attached hereto as Exhibit 1. There are no pre-suit assignments or related sales documents transferring Master-Bilt's rights, if any, to Standex or to Factory Mutual, and it appears that the payments made by Factory Mutual were only made to Standex pursuant to a policy with Standex as the named insured, and that no payment was made to Jasper Creek's lessee, Master-Bilt.

Absent the existence of the above agreements and any additional facts disclosed in discovery related to same, there is no claim by Standex and no claim by Factory Mutual against Jasper Creek arising from the lease alleged here as the sole source of alleged obligations, or any insurance policy that required payment to Master-Bilt, the only lessee of the warehouse described in exhibit 1 to the Complaint [Doc. 1-1]. The Plaintiffs have thus plead a lease agreement with Master-Bilt and alleged payment directly to Standex and have totally failed to allege any basis for them to assert a claim against Jasper Creek arising out of the lease or otherwise, thus, demonstrating their capacity to so claim and their authority to sue at or prior to the filing of this suit. See Fed. R. Civ. P. 9(1)(a) (A), (B); (c); (g).

### SECOND DEFENSE

Plaintiffs' Complaint should be dismissed for failure to join all necessary and proper parties pursuant to Fed. R. Civ. P. 17 and 19.

### THIRD DEFENSE

Defendant Jasper Creek pleads that statutes of limitation or other proscriptive periods and/or periods of repose, may bar all or some of the claims raised by Plaintiffs herein, including but not limited to Miss. Code Ann. §§ 15-1-41; -49.

## FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim against Jasper Creek for which relief may be granted.

## FIFTH DEFENSE

Plaintiffs Complaint fails in whole or in part because of lack of standing.

## SIXTH DEFENSE

Jasper Creek asserts the lack of subject matter jurisdiction as an affirmative defense.

**AND NOW** having asserted the applicable defenses and reserving the right to be heard as to each, Jasper Creek answers the Plaintiff's Complaint paragraph by paragraph as follows:

## NATURE OF THE ACTION

1.      Jasper Creek denies the allegations contained in paragraph 1 of Plaintiffs' Complaint as worded and demands strict proof thereof. Jasper Creek admits that a fire which occurred on June 26, 2019, at property located at 922 Hwy. 15 N., New Albany, MS caused damage to a building and personal property. Jasper Creek denies the remaining allegations as stated, and specifically denies any liability for damage caused by the fire. Jasper Creek further specifically denies that it leased any property to Standex.

## PARTIES

2.      Upon information and belief Jasper Creek admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      Upon information and belief Jasper Creek admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 4 of Plaintiffs' Complaint and therefore denies the same in their

entirety and demands strict proof thereof. Jasper Creek admits that at the time of the fire Steven Thomas, d/b/a Thomas Wholesale and Salvage ("Thomas") leased a portion of the premises damaged by fire from Jasper Creek.

5.      Upon information and belief Jasper Creek generally admits the allegations contained in paragraph 5 of Plaintiffs' Complaint.  However, Jasper Creek specifically denies that Union County is subject to the jurisdiction of this Court.  Jasper Creek further denies the allegations regarding the spread of the fire in question.

6.      Jasper Creek denies the allegations contained in paragraph 6 of Plaintiffs' Complaint as worded and demands strict proof thereof. Jasper Creek admits that it is a limited liability company formed pursuant to the laws of the State of Mississippi, and having its principal place of business in Tupelo, MS. Jasper Creek denies the remaining allegations and demands strict proof thereof.

### JURISIDCTION AND VENUE

7.      Jasper Creek admits the allegations of complete diversity, but only as to the parties originally named in Plaintiffs' Complaint, and the amount in controversy contained in paragraph 7 of Plaintiffs' Complaint. Subject matter jurisdiction is denied to the extent that either or both Plaintiffs lack standing herein, and to the extent that additional, indispensable, parties have now been joined in this matter.  Due to the addition of Counter-Defendant Master-Bilt, Jasper Creek would assert that this Honorable Court no longer has proper subject matter jurisdiction pursuant to 28 U.S.C. §1332 as complete diversity of citizenship no longer exists between the necessary parties.  As such, Jasper Creek would request that the current action be dismissed as to all parties due to lack of subject matter jurisdiction.

8.      Notwithstanding the above stated subject matter jurisdiction defenses, Jasper Creek admits, subject to the response to paragraph 7, supra, the allegations contained in paragraph 8 of Plaintiffs' Complaint and admits that the fire occurred in the Northern District but does not admit any technical or policy meaning of the word "occurrence" and does not admit that all witnesses are in the Northern District of Mississippi.

## GENERAL ALLEGATIONS

9.      Paragraph 9 of Plaintiff's Complaint does not appear to require a response; however, to the extent a response is required, Jasper Creek adopts and restates its responses to paragraphs 1-8, above, as if fully restated herein. Further, to the extent any allegation of paragraphs 1-8 is not specifically admitted, it is specifically denied.

10.     Jasper Creek denies the allegations contained in paragraph 10 of Plaintiffs' Complaint as worded and demands strict proof thereof.

11.     Jasper Creek denies the allegations contained in paragraph 11 of Plaintiffs' Complaint as worded and demands strict proof thereof.

12.     Jasper Creek denies the allegations contained in paragraph 12 of Plaintiffs' Complaint as worded and demands strict proof thereof.

13.     Jasper Creek denies the allegations contained in paragraph 13 of Plaintiffs' Complaint as worded and demands strict proof thereof.

14.     Jasper Creek admits the allegations of paragraph 14 of Plaintiffs' Complaint

15.     The allegations of paragraph 15 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek is without sufficient information to either admit or deny the allegations

contained in paragraph 15 of Plaintiffs' Complaint and therefore denies the same in their entirety and demands strict proof thereof.

16.     The allegations of paragraph 16 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 16 in their entirety and demands strict proof thereof.

17.     The allegations of paragraph 17 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of paragraph 17 in their entirety and demands strict proof thereof.

18.     The allegations of paragraph 18 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 18 in their entirety and demands strict proof thereof.

19.     The allegations of paragraph 19 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 19 in their entirety and demands strict proof thereof.

20.     The allegations of paragraph 20 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 20 in their entirety and demands strict proof thereof.

21.     The allegations of paragraph 21 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 21 in their entirety and demands strict proof thereof.

22.     The allegations of paragraph 22 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 22 in their entirety and demands strict proof thereof.

23.     The allegations of paragraph 23 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek e denies the allegations of Paragraph 23 in their entirety and demands strict proof thereof.

24.     The allegations of paragraph 24 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 24 in their entirety and demands strict proof thereof.

25.     The allegations of paragraph 25 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 25 in their entirety and demands strict proof thereof.

26.     The allegations of paragraph 26 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response

is required, Jasper Creek denies the allegations of Paragraph 26 in their entirety and demands strict proof thereof.

27.    The allegations of paragraph 27 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 27 in their entirety and demands strict proof thereof.

28.    The allegations of paragraph 28 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 28 in their entirety and demands strict proof thereof.

29.    The allegations of paragraph 29 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 29 in their entirety and demands strict proof thereof.

30.    The allegations of paragraph 30 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 30 in their entirety and demands strict proof thereof.

31.    The allegations of paragraph 31 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 31 in their entirety and demands strict proof thereof.

32. The allegations of paragraph 32 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 32 in their entirety and demands strict proof thereof.

33. The allegations of paragraph 33 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 33 in their entirety and demands strict proof thereof.

34. The allegations of paragraph 34 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 34 in their entirety and demands strict proof thereof.

35. The allegations of paragraph 35 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 35 in their entirety and demands strict proof thereof.

36. The allegations of paragraph 36 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 36 in their entirety and demands strict proof thereof.

37. Jasper Creek denies the allegations contained in paragraph 37 of Plaintiffs' Complaint as worded and demands strict proof thereof. Jasper Creek specifically denies that any portion of the building was leased to Standex.

38.     Jasper Creek denies the allegations contained in paragraph 38 of Plaintiffs' Complaint as worded and demands strict proof thereof.

39.     Jasper Creek denies the allegations contained in paragraph 39 of Plaintiffs' Complaint as worded and demands strict proof thereof.

40.     Jasper Creek denies the allegations contained in paragraph 40 of Plaintiffs' Complaint as worded and demands strict proof thereof.

41.     The allegations of paragraph 41 of Plaintiffs' Complaint do not appear to be directed toward Jasper Creek, and require no response from Jasper Creek. To the extent a response is required, Jasper Creek denies the allegations of Paragraph 41in their entirety and the legal conclusions stand demands strict proof thereof.

42.     The allegations of paragraph 42 are, as worded, so vague and ambiguous so as to not clearly state what is alleged to be admitted or denied by Jasper Creek, nor do they allege any obligations imposed upon Jasper Creek and thus do not appear to require a response from Jasper Creek. Jasper Creek therefore denies the same in their entirety and demands strict proof thereof.

43.     Jasper Creek denies the allegations contained in paragraph 43 of Plaintiffs' Complaint strict proof thereof is demanded.

44.     Jasper Creek denies the allegations contained in paragraph 44 of Plaintiffs' Complaint and strict proof thereof demanded.

45.     Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 45 of Plaintiffs' Complaint and therefore denies the same in their entirety and demands strict proof thereof.

46.     Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 46 of Plaintiffs' Complaint and therefore denies the same in their entirety and demands strict proof thereof.

47.     Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 47 of Plaintiffs' Complaint and therefore denies the same in their entirety and demands strict proof thereof.

48.     Jasper Creek denies the allegations contained in paragraph 48 of Plaintiffs' Complaint and demands strict proof thereof.

49.     It does not appear that paragraph 49 requires a response by Jasper Creek, but to the extent a response is required, Jasper Creek denies that is liable to Standex or any other Plaintiff for any amount sought herein, including any deductible paid by Standex or any other company to any insurer.

## COUNT I
### *Negligence and Negligence Per Se:  All Defendants*

50.     Paragraph 50 of Plaintiff's Complaint does not appear to require a response; however, to the extent a response is required, Jasper Creek adopts and restates its responses to paragraphs 1-49, above, as if fully restated herein. Further, to the extent any allegation of paragraphs 1-49 is not specifically admitted, it is specifically denied.

51.     Jasper Creek denies the allegations contained in paragraph 51 of Plaintiffs' Complaint and demands strict proof thereof.

52.     Jasper Creek denies the allegations of Paragraph 52 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

53.     Jasper Creek denies the allegations of Paragraph 53 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

54.     Jasper Creek denies the allegations of Paragraph 54 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual

55.     Jasper Creek denies the allegations of Paragraph 55 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

56.     Jasper Creek denies the allegations of Paragraph 56 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

57.     Jasper Creek denies the allegations of Paragraph 57 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

58.     Jasper Creek denies the allegations of Paragraph 58 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

59.     Jasper Creek denies the allegations of Paragraph 59 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual

60.     Jasper Creek denies the allegations of Paragraph 60 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

61.     Jasper Creek denies the allegations of Paragraph 61 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

62.     Jasper Creek denies the allegations of Paragraph 62 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

63.     Jasper Creek denies the allegations of Paragraph 63 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

64.     Jasper Creek denies the allegations of Paragraph 64 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

65.     Jasper Creek denies the allegations of Paragraph 65 in their entirety and demands strict proof thereof. Affirmatively, Jasper Creek would allege that these alleged obligations applied equally to Master-Bilt, Standex and to Factory Mutual.

66.     Jasper Creek denies the allegations contained in paragraph 66 of Plaintiffs' Complaint, including enumerated sub-paragraphs (a), (b), (c), (d), (e), and (f), and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

67.     Jasper Creek denies the allegations contained in paragraph 67 of Plaintiffs' Complaint and demands strict proof thereof.

68.     Jasper Creek denies the allegations contained in paragraph 68 of Plaintiffs' Complaint as worded and demands strict proof thereof.

69.     Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 69 of Plaintiffs' Complaint and therefore denies the same in their entirety and demand strict proof thereof.

## COUNT II
### *Breach of Contract:  Jasper Creek*

70.     Paragraph 70 of Plaintiff's Complaint does not appear to require a response; however, to the extent a response is required, Jasper Creek adopts and restates its responses to paragraphs 1-69, above, as if fully restated herein. Further, to the extent any allegation of paragraphs 1-69 is not specifically admitted, it is specifically denied.

71.     Jasper Creek denies the allegations contained in paragraph 71 as worded and demands strict proof thereof.  Jasper Creek specifically denies that Standex was a party to the lease in question.

72.     Jasper Creek denies the allegations of Paragraph 72 in their entirety and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.  Jasper Creek specifically denies that Standex was a party to the lease in question.

73.     Jasper Creek denies the allegations contained in paragraph 73 of Plaintiffs' Complaint as worded and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.  Jasper Creek specifically denies that Standex was a party to the lease in question.

74.     Jasper Creek denies the allegations contained in paragraph 74 of Plaintiffs' Complaint and demands strict proof thereof.  Jasper Creek specifically denies that Standex was a party to the lease in question.

75.     Jasper Creek denies the allegations contained in paragraph 75 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.  Jasper Creek specifically denies that Standex was a party to the lease in question.

76.     Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 76 of Plaintiffs' Complaint and therefore denies the same in their entirety and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

77.     Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 77 of Plaintiffs' Complaint and therefore denies the same in their entirety and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

78.     Jasper Creek denies the allegations contained in paragraph 78 of Plaintiffs' Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

79.     Jasper Creek denies the allegations contained in paragraph 79 of Plaintiffs' Complaint as worded and demands strict proof thereof.  Affirmatively, Jasper Creek would allege

that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

80.     Jasper Creek is without sufficient information to either admit or deny the allegations contained in paragraph 80 of Plaintiffs' Complaint and therefore denies the same in their entirety and demand strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

81.     Jasper Creek denies the allegations contained in paragraph 81 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

82.     Jasper Creek denies the allegations contained in paragraph 82 of Plaintiffs' Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

83.     Jasper Creek denies the allegations contained in paragraph 83 of Plaintiffs' Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

84.     Jasper Creek denies the allegations contained in paragraph 84 of Plaintiffs' Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

85.     Jasper Creek denies the allegations contained in paragraph 85 of Plaintiffs'
Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these
alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory
Mutual.

86.     Jasper Creek denies the allegations contained in paragraph 86 of Plaintiffs'
Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these
alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory
Mutual.

**COUNT III**
*Gross Negligence:  Jasper Creek*

87.     Paragraph 87 of Plaintiff's Complaint does not appear to require a response;
however, to the extent a response is required, Jasper Creek adopts and restates its responses to
paragraphs 1-86, above, as if fully restated herein. Further, to the extent any allegation of
paragraphs 1-86 is not specifically admitted, it is specifically denied.   Affirmatively, Jasper Creek
would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt,
Standex and to Factory Mutual.

88.     Jasper Creek denies the allegations contained in paragraph 88 of Plaintiffs'
Complaint as worded and demands strict proof thereof.  Affirmatively, Jasper Creek would allege
that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to
Factory Mutual.

89.     Jasper Creek denies the allegations contained in paragraph 89 of Plaintiffs'
Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these
alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory
Mutual.

90.     Jasper Creek denies the allegations contained in paragraph 90 of Plaintiffs' Complaint and demands strict proof thereof.   Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

91.     Jasper Creek denies the allegations contained in paragraph 91 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

92.     Jasper Creek denies the allegations contained in paragraph 92 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

93.     Jasper Creek denies the allegations contained in paragraph 93 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

94.     Jasper Creek denies the allegations contained in paragraph 94 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

95.     Jasper Creek denies the allegations contained in paragraph 95 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these

alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

96.     Jasper Creek denies the allegations contained in paragraph 96 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

97.     Jasper Creek denies the allegations contained in paragraph 97 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

98.     Jasper Creek denies the allegations contained in paragraph 98 of Plaintiffs' Complaint and demands strict proof thereof.  Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.  Further, Jasper Creek affirmatively asserts that claims of gross negligence are frivolous and without basis in law or fact.

99.     With regard to the unnumbered paragraph beginning "WHEREFORE, PREMISES CONSIDERED" Jasper Creek denies that Plaintiff is entitled to the relief requested, including that requested in subparagraphs 1., 2., 3., and 4., and demands strict proof thereof.

**AND NOW**, having asserted its defenses and answered Plaintiff's Complaint paragraph by paragraph, Defendant Jasper Creek asserts the following affirmative defenses:

## <u>AFFIRMATIVE DEFENSE NO. 1</u>

The Plaintiffs have failed to mitigate their damages, if any.

## AFFIRMATIVE DEFENSE NO. 2

Defendants affirmatively pleads that Plaintiffs have sustained no damage or injury whatsoever as a result of any alleged negligence, conduct, action or inaction, or publication by Defendant Jasper Creek. Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

## AFFIRMATIVE DEFENSE NO. 3

The actions or inactions of Defendant did not, in any manner, proximately cause or contribute to any of Plaintiffs' alleged injuries or damages.

## AFFIRMATIVE DEFENSE NO. 4

While the Defendant denies that it is liable in any way to the Plaintiffs, Defendant alternatively affirmatively pleads that the Plaintiffs' comparative negligence and or bad faith conduct, *in pari dilecto* one with the other, jointly and severally, by and through their own actions or inactions caused or contributed to their alleged damages, if any, and that any liability placed on the Defendant should be completely barred or reduced accordingly.

## AFFIRMATIVE DEFENSE NO. 5

Defendant affirmatively pleads that they are in no way responsible for any of Plaintiffs' alleged injuries and damages. Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

## AFFIRMATIVE DEFENSE NO. 6

Defendant affirmatively pleads that the Plaintiffs' alleged damages, if any, were caused or contributed to by actions or inactions of persons for which the defendant has no liability.

## AFFIRMATIVE DEFENSE NO. 7

Defendant affirmatively pleads Miss. Code Ann. § 85-5-7.

### AFFIRMATIVE DEFENSE NO. 8

Defendant denies that the Plaintiffs were injured and/or damaged at all as alleged, much less to the nature and extent claimed and contests all damages claimed.

### AFFIRMATIVE DEFENSE NO. 9

Jasper Creek pleads that to the extent each may apply Plaintiffs' claims are barred by the doctrines of release, waiver, estoppel, and laches and their own fraud, and unclean hands, jointly and severally, each fully and completely barring any recovery herein.

### AFFIRMATIVE DEFENSE NO. 10

Defendant affirmatively pleads that it has no liability to Plaintiffs for any damage sustained as a result of the fire which occurred on June 26, 2019, pursuant to the terms of the Lease entered into on July 1, 2009 between it and "Master-Bilt, a Standex International Corporation Company", which is attached hereto as Exhibit 2 ("Master-Bilt Lease"), and incorporated herein by reference as if fully set forth in word and number.

### AFFIRMATIVE DEFENSE NO. 11

To the extent applicable, Defendant pleads that part or all of Plaintiffs' claims are barred by the applicable statute of limitations or other proscriptive law.

### AFFIRMATIVE DEFENSE NO. 12

Defendants plead all provisions and protections of Miss. Code Ann. §11-33-1.

### AFFIRMATIVE DEFENSE NO. 13

Defendants affirmatively plead that the litigation against Jasper Creek is not substantially justified as required by Miss. Code Ann. §11-55-1, et seq.

## AFFIRMATIVE DEFENSE NO. 14

The Complaint and each count thereof, separately and severally, fails to state a claim upon which damages may be awarded to the Plaintiffs. Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

## AFFIRMATIVE DEFENSE NO. 15

Defendant affirmatively pleads tortious and bad faith breach of contract by the Plaintiffs.

## AFFIRMATIVE DEFENSE NO. 16

Defendant affirmatively pleads the impossibility of performance of contract to the extent applicable.

## AFFIRMATIVE DEFENSE NO. 17

To the extent applicable Defendant affirmatively pleads accord and satisfaction.

## AFFIRMATIVE DEFENSE NO. 18

Defendant affirmatively pleads recoupment for amounts owed to Defendant under the Master-Bilt Lease Agreement attached as Exhibit 2 hereto.

## AFFIRMATIVE DEFENSE NO. 19

Defendant affirmatively pleads that some or all of the parties lack standing to bring this suit.

## AFFIRMATIVE DEFENSE NO. 20

Defendant, at all times complained of, acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, with probable cause, without injurious intent, without evil motive, and is guilty of no wrongful or tortious conduct.

**AFFIRMATIVE DEFENSE NO. 21**

Defendant denies that it has been guilty of any conduct which entitles Plaintiffs to recover damages.

**AFFIRMATIVE DEFENSE NO. 22**

Defendant affirmatively pleads all protections of the provisions of Mississippi Code Annotated §11-1-65.

**AFFIRMATIVE DEFENSE NO. 23**

Defendant affirmatively pleads that the Plaintiffs are not entitled to recover damages and that there is no basis for such a claim.

**AFFIRMATIVE DEFENSE NO. 24**

The award of damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 25**

To the extent Plaintiffs' Complaint, with amendments, if any, seeks any award or assessment of punitive damages against Defendant such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, Section 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines. Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, Section 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, Plaintiffs' claim for punitive damages of, from or against Defendants is barred by Miss. Code Ann. § 11-46-15 (Supp. 2000), and/or federal common law. Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## AFFIRMATIVE DEFENSE NO. 26

To the extent Plaintiffs' Complaint or any amendment thereto seeks a jury award of mental anguish damages in this case, such will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1 and 2, Article 3, Sections 14, 17, 22, 24, and 29 of the Constitution of the State of Mississippi. In particular, a mental anguish damage award will violate these constitutional provisions because Mississippi jurors are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## AFFIRMATIVE DEFENSE NO. 27

Plaintiffs' claims are barred or abated substantially by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE NO. 28

Defendant Jasper Creek specifically reserves the right to amend the above-pleaded affirmative defenses, and, specifically, reserve the right to plead additional defenses as the facts of this case justify following discovery.

## AFFIRMATIVE DEFENSE NO. 29

Defendant Jasper Creek affirmatively pleads that other persons or entities are legally responsible, or otherwise at fault for the damages alleged, and Jasper Creek is entitled to

contribution or indemnification against such persons or entities in accordance with apportionment of fault pursuant to Miss. Code Ann. §85-5-7.

### AFFIRMATIVE DEFENSE NO. 30

Defendant affirmatively asserts Plaintiffs and Master-Bilt assumed the risk of utilization of the premises subject to the Master-Bilt Lease, attached hereto as Exhibit 2.

### AFFIRMATIVE DEFENSE NO. 31

Defendant affirmatively asserts it had no duty to provide fire suppression devices at the property subject to the Master-Bilt Lease attached hereto as Exhibit 2.

### AFFIRMATIVE DEFENSE NO. 32

Defendant affirmatively asserts it had no obligation to provide fire prevention devices or measures in or at the property subject to the Master-Bilt Lease attached hereto as Exhibit 2.

### AFFIRMATIVE DEFENSE NO. 33

Defendant affirmatively asserts that the fire protection standards and codes referenced in Plaintiffs' Complaint do not apply or do not apply to the extent alleged, to Defendant or the property subject to the Master-Bilt Lease attached hereto as Exhibit 2.

### AFFIRMATIVE DEFENSE NO. 34

Defendant affirmatively states that Plaintiffs' damages, if any, resulted from independent, superseding and/or intervening causes unrelated to any conduct of Defendant and for which Defendant is not liable.

### AFFIRMATIVE DEFENSE NO. 35

Defendant alleges that Plaintiffs' damages were not proximately caused by any act or omission of Defendant Jasper Creek.

**AFFIRMATIVE DEFENSE NO. 36**

Defendant alleges that it had no knowledge of any defect or defective condition at the property subject to the Master-Bilt Lease attached hereto as Exhibit 2.

**AFFIRMATIVE DEFENSE NO. 37**

Defendant alleges that it had no duty to warn Plaintiffs of any defect or defective condition at the property subject to the Master-Bilt Lease attached hereto as Exhibit 2, and attached as Exhibit 1 to Plaintiffs' Complaint [Doc.1-1].

**AFFIRMATIVE DEFENSE NO. 38**

Defendant alleges that any defect or dangerous condition at the property subject to the Master-Bilt Lease about which Plaintiffs complain was open and obvious, and a condition about which Plaintiffs had actual knowledge when the Master-Bilt Lease agreement was executed.

**AFFIRMATIVE DEFENSE NO. 39**

Defendant affirmatively denies any allegation not specifically admitted herein and asserts that to the extent that Standex separately stored property or product Standex and not Master-Bilt owned, that Standex was ,at most, trespasser or  a licensee on in the warehouse leased to Master-Bilt Company by Jasper Creek, having never sought or obtained permission to use that property.

**AFFIRMATIVE DEFENSE NO. 40**

Defendant affirmatively adopts and incorporates by reference all defenses pleaded by any other defendant herein which are applicable to the claims of Plaintiffs' and which are not inconsistent with Jasper Creek's position that it is not liable to anyone.

## AFFIRMATIVE DEFENSE NO. 41

Jasper Creek affirmatively asserts the doctrines of comparative and contributory negligence. Affirmatively, Jasper Creek would allege that these alleged obligations and breaches alleged applied equally to Master-Bilt, Standex and to Factory Mutual.

## AFFIRMATIVE DEFENSE NO. 42

Jasper Creek reserves the right to amend its Answer and to add additional counterclaims, cross-claims, or third-party claims as facts are obtained through discovery.

## AFFIRMATIVE DEFENSE NO. 43

Jasper Creek affirmatively pleads that Master-Bilt waived any right to make any claim against Jasper Creek for defects in the premises leased pursuant to the Lease and that Factory Mutual is bound by that waiver under its policy.

## AFFIRMATIVE DEFENSE NO. 44

Jasper Creek affirmatively pleads that by virtue of the lessee's waiver of claims stated in the Master-Bilt Lease, that Factory Mutual has no right of recovery against Jasper Creek for any amounts paid by Factory Mutual to Standex.

## AFFIRMATIVE DEFENSE NO. 45

Jasper Creek affirmatively pleads that it owed no duty to Factory Mutual or Standex under Master-Bilt Lease and specifically no duty to install fire protection equipment or fire suppression equipment at the premises leased pursuant to the terms of the Master-Bilt Lease.

## AFFIRMATIVE DEFENSE NO. 46

Jasper Creek affirmatively pleads that Factory Mutual is not entitled to recover any amounts against Jasper Creek for damages which were not covered under the policy of insurance issued by Factory Mutual to Standex and/or Master-Bilt and that for any such amounts that were

paid in excess of the coverage provided by the policy, or for which sufficient proof as to the amount of damage is not shown, that Factory Mutual's payment was voluntary and not made pursuant to the policy, and is not recoverable. In this regard Jasper Creek pleads all conditions, terms and other limitations on coverage under Factory Mutual's policy under which it made any payment sought to be recovered herein. A copy of at least a portion of Factory Mutual's policy is attached hereto as Exhibit 3.

### AFFIRMATIVE DEFENSE NO. 47

Jasper Creek affirmatively pleads breach of contract and waiver by its lessee, Master-Bilt, as precluding recovery by either plaintiff in this case.

### AFFIRMATIVE DEFENSE NO. 48

Jasper Creek pleads the intentional, willful or negligent act or third person over whom Jasper Creek had no control as the sole proximate cause of the fire and fire loss of June 26, 2019 thus fully barring any recovery against Jasper Creek.

### AFFIRMATIVE DEFENSE NO. 49

Jasper Creek affirmatively pleads that neither plaintiff is a party to the Master-Bilt lease, or any other lease with Jasper Creek, and therefore, neither is entitled to alter the terms of the lease agreement to impose additional duties upon Jasper Creek that as stated therein nor to alter after the fact the named lessee in the lease in attempt to justify a claim herein.

### AFFIRMATIVE DEFENSE NO. 50

Defendant specifically denies each and every material allegation of the Complaint by which Plaintiffs seek to recover damages against Defendant and denies that Plaintiffs are entitled to the requested relief. However, to whatever extent, if any, this Court finds in favor of Plaintiffs, Defendant specifically reserves the right to seek indemnification and to pursue any other such

action they deem necessary against any person or entity, whether or not named herein, for all sums which Defendant, may be liable to Plaintiffs herein for injury or damages, if any, including reasonable attorney' s fees and expenses incurred herein, arising out of or relating to Plaintiffs' cause of action. Further, Defendants hereby reserve each and every cause of action which it may have against any persons or entities, whether or not named as parties herein, under common, statutory, tort, contract, and/or quasi-contract law, for any damages of Defendants resulting from the instant suit, including reasonable attorney' s fees and expenses incurred herein, arising out of or relating to Plaintiffs' claims as set forth in the Complaint against Jasper Creek.

## AFFIRMATIVE DEFENSE NO. 51

Jasper Creek affirmatively pleads intervening and superseding criminal acts by unknown third parties as an affirmative defense, and assumption of the risk and waiver and estoppel against Standex and also against its lease, Jasper Creek.

## AFFIRMATIVE DEFENSE NO. 52

Jasper Creek affirmatively pleads that if the Factory Mutual policy in question is, in fact, the policy obtained by Master-Bilt to satisfy the requirements of insurance under the Master-Bilt lease, then Jasper Creek is, or should be, an insured under said policy, thereby precluding Factory Mutual from bringing this subrogation action against its own insured.

**AND NOW,** having fully answered and asserted its other defenses. Defendant Jasper Creek files its Counterclaim as follows:

## COUNTERCLAIM

**COMES NOW,** Counter-Plaintiff, Jasper Creek, LLC (hereinafter "Jasper Creek"), by and through counsel, and files its Counterclaim against Factory Mutual Insurance Company, as Subrogee of Standex International Corporation, Standex International Corporation, Nationwide

Mutual Insurance Company, and Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany, and in support of same would state as follows:

## Parties

1.     Counter-Plaintiff Jasper Creek, LLC, ("Jasper Creek") is a limited liability company duly authorized under the laws of the state of Mississippi and is in good standing with the Office of the Secretary of State. Jasper Creek, LLC's principal place of business is located at 857 Highland Park Drive, Tupelo, Mississippi 38801.

2.     Counter-Defendant Factory Mutual Insurance Company ("Factory Mutual") is a foreign insurance company incorporated pursuant to the laws of the state of Rhode Island, and having its principal place of business in Johnston, Rhode Island. At all times material hereto, Factory Mutual was authorized to conduct business in Mississippi, and licensed to issue insurance policies in Mississippi.

3.     Counter-Defendant Standex International Corporation ("Standex") is incorporated pursuant to the laws of the state of Delaware, and has its principal place of business in New Hampshire. At all times material hereto, Standex was authorized to conduct business in the state of Mississippi.

4.     Counter-Defendant Nationwide Mutual Insurance Company ("Nationwide") is a foreign insurance company licensed by the Mississippi Department of Insurance to transact business in the state of Mississippi, and which has its principal place of business at One West Nationwide Blvd., Columbus, OH. Defendant Nationwide is made a party to this suit pursuant to Fed. R. Civ. P. 13(h), 14, 19, 20, and 57. Nationwide may be served with process by service upon its Registered Agent, United States Corporation Company, 7716 Old Canton Rd., Ste. C., Madison, MS 39110.

5.      Counter-Defendant Master-Bilt Refrigeration Solutions ("Master-Bilt") is and/or was a Mississippi domestic company doing business in the state of Mississippi, and which has and/or had its principal place of business at 908 Highway 15 North, New Albany, MS 38652. Upon information and belief Master-Bilt Refrigeration Solutions did business from time to time under the trade names Master-Bilt and Master-Bilt New Albany. Master-Bilt is made a party to this suit pursuant to Fed. R. Civ. P. 13(h), 14, 19, 20, and 57. Master-Bilt may be served with process by service upon its registered agent, or any other individual authorized to accept service of process on behalf of it.  Upon belief and information available to Jasper Creek, Mr. Tom Machingo is and/or was a member of the Master-Bilt unincorporated association, an officer and/or employee of Master-Bilt authorized to accept service of process in this regard at the address listed above.

6.      Counter-Defendants XYZ UNKNOWN CORPORATIONS are unidentified and unknown corporate entities which may have obligations to provide defense and or indemnity to Jasper Creek for the claims made in the Complaint filed by Factory Mutual and Standex, or which may own product for which Standex and Factory Mutual make claims for damage herein, or which may have purchased the assets or liabilities of Master-Bilt, or which may have issued policies of insurance which provide coverage for the claims made against Jasper Creek herein or which have paid for damages allegedly sustained by Standex and for which Standex asserts claims herein. These entities are unknown to Jasper Creek at this time, but upon information and belief may be obligated to Jasper Creek pursuant to the Master-Bilt Lease, the Factory Mutual policy of insurance, or policies of insurance issued by other entities.

7.      Counter-Defendants JOHN DOES 1-10 are those unidentified and unknown individuals who may be operating unincorporated business entities or undertaking business under

the trade name "Master-Bilt" or who may have obligations to provide defense and or indemnity to Jasper Creek for the claims made in the Complaint filed by Factory Mutual and Standex, or who may own product for which Standex and Factory Mutual make claims for damage herein, or who may have purchased the assets or liabilities of Master-Bilt, or who have paid for damages allegedly sustained by Standex and for which Standex asserts claims herein or who have received payment for damages allegedly sustained by Standex and for which Standex asserts claims herein against Jasper Creek. These persons are unknown to Jasper Creek at this time, but upon information and belief may be obligated to Jasper Creek.

## Jurisdiction and Venue

8.      As to all parties other than Master-Bilt, this Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 13, 14, 20, 57 and 28 U.S.C. §1332 based upon complete diversity of citizenship between the counterclaim plaintiff and counterclaim defendants and the controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. In addition, this court has jurisdiction over the counterclaim pursuant to Fed. R. Civ. P. 13(a)(1), 13(b), 13(h) and U.S.C. §1367(a). Counterclaim defendants have minimum contacts with the State of Mississippi and have a contract with a resident of Mississippi, have committed one or more torts within the State of Mississippi, and do business within the State of Mississippi.

9.      Due to the addition of Counter-Defendant Master-Bilt, Jasper Creek would assert that this Honorable Court no longer has proper subject matter jurisdiction pursuant to 28 U.S.C. §1332 as complete diversity of citizenship no longer exists between the necessary parties. As such, Jasper Creek would request that the current action be dismissed as to all parties due to lack of subject matter jurisdiction.

10.     Notwithstanding the above stated subject matter jurisdiction issues, venue would otherwise be proper in this Court and this division pursuant to 28 U.S.C. §1391 because a substantial part of the event or omissions giving rise to the counterclaim occurred in this district.

## Facts

11.     On July 1, 2009, Jasper Creek, LLC entered into a Lease Agreement with Master-Bilt. A copy of the Lease Agreement ("Master-Bilt Lease") is attached hereto as Exhibit 2.

12.     Master-Bilt negotiated the terms of the Master-Bilt Lease Agreement with Jasper Creek.

13.     Paragraph 2.1 of the Master-Bilt Lease required the lessee to provide commercial liability insurance for the benefit of Jasper Creek, with liability limits of no less than $1,000,000.00.

14.     Paragraph 2.4 of the Master-Bilt Lease requires that the lessee indemnify, defend, and hold harmless Jasper Creek, from "all claims… resulting from Tenant's use of all or any part of the Leased Premises, the Building and/or the Property, unless such damage or injury/death shall be caused by the willful act or gross neglect of Landlord and through no fault of Tenant."

15.     Paragraph 2.4 of the Master-Bilt Lease states that "[n]either Landlord nor its employees or agents shall be liable for any defects in the Leased Premises, the Building and/or the Property, nor shall Landlord be liable for the negligence or misconduct, including, but not limited to, criminal acts, by maintenance or other personnel or contractors serving the Leased Premises, the Building and/or the Property, other tenants or third parties, unless Landlord is grossly negligent or guilty of willful misconduct."

16.     Paragraph 2.4 of the Master-Bilt Lease states "[a]ll property of Tenant kept or stored on the Property shall be kept or stored at the risk of Tenant only, and Tenant shall indemnify,

defend and hold harmless landlord for, from and against, and shall be responsible for, any Claims arising out of damage to the same, including subrogation claims by Tenant's insurance carriers, unless such damage shall be caused by the willful act or gross neglect of Landlord through no fault of Tenant.

17.     On June 26, 2019, a fire occurred at the premises leased by Master-Bilt, which Standex and Factory Mutual claim caused damage to property Standex claimed to own and stored in the area covered by the Master-Bilt Lease.

18.     Standex and Factory Mutual allege that the fire originated in premises Jasper Creek leased to Steven Thomas d/b/a Thomas Wholesale and Salvage.  Upon information and belief accelerant was found in the fire debris and the local fire marshal classified the fire as arson.  Upon information and belief, Factory Mutual and Standex did little or no investigation to eliminate any Master-Bilt employee or representative or vagrant as being involved in that fire. Nothing alleged against Jasper Creek is more likely than these potential causes for the fire losses claimed here and Standex and Master-Bilt had access or opportunity for access to the areas of origin of the fire from the allegations of the Complaint.

19.     Jasper Creek did not cause the fire, or act in any way which contributed to the start of the fire.

20.     Standex and Factory Mutual do not allege that Jasper Creek caused the fire or acted in any way which contributed to the start of the fire.

21.     Standex and Factory Mutual allege in their Complaint that the fire spread from an area of origin, causing damage to property owned by Standex, a non-party to the lease, and which was insured by Factory Mutual, as a result of the negligent acts of Jasper Creek and/or the grossly

negligent act of Jasper Creek. The ownership of the property in the warehouse for which Standex makes it claim is not clear.

22.     Standex and/or Master-Bilt made a claim with its insurer, Factory Mutual, pursuant to the terms of the policy issued by Factory Mutual.

23.     Upon information and belief, Factory Mutual made payments to Standex and/or Master-Bilt for damage to property arising from the fire, after application of the $500,000.00 self-insured retention or deductible.

24.     Factory Mutual has brought suit against Jasper Creek alleging, without evidence or even alleging the basis for any payment or its connection to the Jasper Creek lease with Master-Bilt, that it is subrogated to Standex for the amounts paid to Standex pursuant to the Factory Mutual policy as a result of the fire.

25.     Standex, not Master-Bilt. alleges no right provided by Master-Bilt, has brought suit against Jasper Creek alleging that it is entitled to recoup $500,000.00 from Jasper Creek, representing the amount of its deductible.

26.     Factory Mutual and Standex have alleged Jasper Creek was negligent causing them to suffer damage from the fire.

27.     Factory Mutual and Standex have also claimed that Jasper Creek was grossly negligent causing them to suffer damage from the fire.  This allegation is without basis.

28.     Pursuant to Paragraph 2.4 of the Lease, Master-Bilt, and Standex, if it stands in the shoes of Master-Bilt, owes Jasper Creek defense and indemnity for the claims brought herein by Factory Mutual alleging simple negligence and at least defense under reservation of rights.

29.     Upon information and belief, Master-Bilt obtained a policy of insurance which provides liability insurance for the benefit of Jasper Creek pursuant to Paragraph 2.1 of the Master-

Bilt Lease and/or which provides liability coverage to Jasper Creek for action brought by Standex and Factory Mutual directly.

30.     Upon information and belief, Jasper Creek is an additional insured, or an insured by definition under the policy(s) of insurance issued by Factory Mutual to Master-Bilt and/or Standex, and therefore, is entitled to all benefits conferred upon it in the liability policy, including defense and indemnification from the claims brought by Standex herein. As an insured under its own policy, the Factory Mutual subrogation claims against Jasper Creek are barred.

31.     Jasper Creek made demand on Factory Mutual, Standex, and Master-Bilt to provide it a defense to the allegations in suit, and indemnification pursuant to the Master-Bilt Lease and the terms of any policy of insurance obtained by Master-Bilt for the benefit of Jasper Creek. Neither Master-Bilt, Standex, nor Factory Mutual have accepted.

32.     On or about March 26, 2011, Steven Thomas entered into a Lease Agreement with Jasper Creek, LLC, a copy of which is attached hereto as Exhibit 4 ("Thomas Lease").

33.     On or about June 26, 2019, a fire originated in the premises leased by Thomas pursuant to the Thomas Lease and spread throughout the premises located at 922 Hwy. 15 N., New Albany, MS, causing damage to the building and personal property of Jasper Creek and other tenants of the building, and allegedly Standex.

34.     Paragraph 2.1 of the Thomas Lease required Thomas to obtain "a policy or policies of commercial general liability insurance for personal injury (including wrongful death) and damage to property covering (a) any occurrence in the Leased Premises, (b) any act or omission by Tenant, by any subtenant of Tenant, or by any of their respective invitees, agents, contractors, servants, or employees anywhere in the Leased Premises or the Property, (c) the business operated by Tenant and aby any subtenant of Tenant in the Leased Premises, and (d) the contractual liability

of Tenant to Landlord pursuant to Article 2.4 below which coverage shall not be less than $1,000,000.00 per occurrence and $1,000,000.00 combined single limit."

35.     Upon information and belief, Nationwide issued one or more policies of insurance providing insurance to Steven Thomas, d/b/a Thomas Wholesale and Salvage providing coverage for property damage and liability pursuant to the terms and conditions stated therein. A copy of one such policy, or a portion thereof is attached as Exhibit 4.

36.     Upon information and belief, the policy or policies issued by Nationwide provide coverage for claims made against Jasper Creek as Jasper Creek required such coverage in a written lease agreement between it and Thomas, attached hereto as Exhibit 4, ("Thomas Lease").

37.     Standex and Factory Mutual have brought claims against Jasper Creek in this suit as a result of damage sustained by Standex arising from a fire which occurred on June 26, 2019.

38.     Standex and Factory Mutual allege that the fire originated in premises leased by Thomas pursuant to the Thomas Lease, and spread into the remainder of the building causing damage.

39.     As a result of the fire, Jasper Creek and other tenants and/or property owners suffered damage to the building and personal property located in the building.

40.     Standex and Factory Mutual have brought suit against Jasper Creek seeking reimbursement for damage caused by the fire.

41.     Upon information and belief, the policy or policies issued by Nationwide provide liability coverage for Jasper Creek for such claims.

42.     Demand was made upon Standex, Factory Mutual, Nationwide, Thomas, and Master-Bilt on or about July 30, 2020, to defend and indemnify Jasper Creek from the claims made in suit, and neither party has not accepted.

43.     Nationwide has refused to defend or indemnify Jasper Creek from the claims made by Standex and Factory Mutual.

44.     Upon information and belief, the policy or policies issued by Nationwide provide coverage for the property damage sustained by Jasper Creek and/or other tenants or property owners to the building and personal property therein as a result of the fire.

45.     Demand was made upon Nationwide on November 19, 2019, and again on August 21, 2020, to provide payment to Jasper Creek for such damages.

46.     Nationwide has failed to conduct a prompt and reasonable investigation into this claim and has refused to provide payment for the fire damage to Jasper Creek.

### Count I- Breach of Contract (Master-Bilt and Standex)

47.     Jasper Creek adopts and restates the allegations contained in paragraphs 1-46 of this Counterclaim as if fully restated herein.

48.     Pursuant to paragraph 2.4 of the Master-Bilt Lease, Master-Bilt, and as alleged by Standex, for Standex separately, accepted the property leased to it in the condition it was in at the time the lease was entered, and released Jasper Creek from any liability for defects in the property, the building, or the leased premises, and agreed to defend, indemnify, and hold harmless Jasper Creek from claims such as the subject claims, specifically including subrogation claims of insurers.

49.     Standex to the extent it claims to and can stand in the shoes of the actual lessee, Master-Bilt, it owes the same duties as the lessee, including the duty to defend, indemnify and hold harmless.  Good faith compliance with the lease requires that Master-Bilt and/or Standex defend all contract and negligent claims, and if they reserve rights, to pay *Moeller* type counsel to defend against allegedly non covered charges.  By refusing and continuing to refuse to defend, Standex is

acting without any arguable reason or basis to do so and with malice, and should be liable for all compensatory, extra contractual and punitive damages permitted under the law.

50.     Standex's claims in the suit herein arise from alleged defects in the property, the building and/or the leased premises, none of which changed, or for which Master-Bilt sought any changes, during the term of the Master-Bilt Lease.

51.     The building at issue was built in or about 1960.  When the Master-Bilt Lease in suit was entered into, the property being leased from Jasper Creek did not have certain fire suppression equipment or certain fire protection equipment installed.  The building was in the same, or substantially same condition at the time of the lease as it was at the time of the fire in question.

52.     At the time the Master-Bilt Lease was agreed to, the lessee knew that such certain fire suppression and fire protection equipment was not installed, and the lessee found the condition of the premises being leased acceptable.  Further, at the time of the lease, there were no requirements in the subject jurisdiction for any of the fire suppression, protection, or retardant elements which form the basis of Plaintiffs' claims in this suit.  Also, at the time of the fire in question, there were no requirements in the subject jurisdiction that the subject building be retroactively equipped with these features.

53.     The lessee assumed the risk of utilizing the premises leased in the Master-Bilt Lease.

54.     The lessee waived its right to seek any redress or contribution from Jasper Creek for any damage sustained by it as a result of its use of the premises leased in the Master-Bilt Lease unless such damage resulted solely from the willful acts or gross neglect of Jasper Creek.

55.     Standex and Factory Mutual have alleged in this suit, without alleging the basis for their right to recover under the Master-Bilt Lease, that Jasper Creek was negligent in failing to properly maintain the building where Master-Bilt leased space pursuant to the Master-Bilt Lease, and by failing to install fire protection equipment and fire suppression equipment.  Upon information and belief, Factory Mutual knew from inspections, or should have known, the nature of the property it insured and the nature of the building used as a warehouse and every alleged deficiency that they allege contributed to the fire and its spread well prior to June 26, 2019.  Despite said knowledge from the beginning of the Master-Bilt Lease by the lessee, and well before June 26, 2019, by Factory Mutual, neither Master-Bilt, Factory Mutual, nor Standex, ever asked Jasper Creek to inspect or update any of the alleged deficiencies sued upon herein, choosing instead, to continue to enjoy a favorable rate of rent that would have been affected if they made such a demand. Moreover, Factory Mutual did inspections prior to and during the existence of its policy either for Master-Bilt or Standex, or both, and chose with full knowledge to insure the risk for the premium charged, without demanding any change of location or additions of any kind to the premises.  Upon information and belief, the premium rated for the risk and charged by Factory Mutual, as well as the large deductible, were calculated upon the basis of the actual risk on the grounds of which they now complain.  Master-Bilt, Standex, and Factory Mutual voluntarily chose to accept the risk, charge their premium, ask for no changes, and only changed their position after a loss occurred.  They are all estopped and barred by this conduct and intentional acceptance and assumption of the risk.

56.     Paragraph 2.4 of the Lease requires the lessee to defend and indemnify Jasper Creek from any suit seeking subrogation or reimbursement for damage paid as a result of the lessee's use

of the premises, unless such damage is solely the result of willful conduct or gross neglect of Jasper Creek.

57.     Factory Mutual and Standex have alleged that the negligence of both Jasper Creek and other tenants of Jasper Creek, including Steven Thomas, caused or contributed to the damage sustained by Standex as a result of the fire.

58.     Factory Mutual and Standex have brought suit for Jasper Creek's alleged negligence and damages arising from Jasper Creek's alleged negligence in failing to properly maintain the   building or arising out of alleged "defects" in the property, building or leased premises.

59.     Paragraph 2.4 of the Master-Bilt Lease requires that Master-Bilt and/or Standex, to the extent it claims to stand in the shoes of the lessee Master-Bilt, defend and indemnify Jasper Creek from such claims, including those brought by Factory Mutual as the insurer of Master-Bilt and/or Standex.

60.     By bringing this suit Standex, to the extent in asserts and can assert a right of the lessee, and Factory Mutual have breached the terms of the Master-Bilt Lease.

61.     Master-Bilt, having failed to defend and indemnify Jasper Creek from the claims in suit by Standex and Factory Mutual, has breached the terms of the Master-Bilt Lease.

62.     Paragraph 2.4 of the Lease requires lessee to defend, indemnify and hold harmless Jasper Creek from suit or claim for indemnification or subrogation from any insurer of lessee for losses lessee may sustain as a result of the use of the premises unless such loss was solely caused by the willful act or gross neglect of Jasper Creek. To the extent that Standex can substitute itself instead of the named lessee, Master-Bilt, it would be obligated to the same extent as that lessee under that lease.

63.     Demand has been made for Master-Bilt and Standex to provide Jasper Creek with defense and indemnification from the claims alleged herein, and same has not been accepted.

64.      Master-Bilt and Standex have failed to defend or indemnify Jasper Creek from the claims for negligence made against it in this suit.

65.     Master-Bilt's and Standex's failure to provide Jasper Creek with defense and indemnification from the negligence claims is a breach of the Master-Bilt Lease.

66.     Paragraph 2.1 of the Master-Bilt Lease requires Master-Bilt and/or Standex to provide insurance for the benefit of Jasper Creek and to provide coverage for defense and indemnification pursuant to Paragraph 2.4 of the Lease.

67.     Upon information and belief, Master-Bilt, in whose shoes Standex claims to stand, intended one or more policies of insurance issued by Factory Mutual to provide such coverage.

68.     Jasper Creek has made demand upon Factory Mutual to defend and indemnify it in this action, and Factory Mutual has not accepted.

69.     Factory Mutual has refused to defend or indemnify Jasper Creek for the claims brought herein against Jasper Creek.

70.     Factory Mutual's refusal to acknowledge its obligations to defend or indemnify Jasper Creek results in Jasper Creek not having the insurance required by the Master-Bilt Lease, pursuant to which Standex and Factory Mutual claim to bring suit.

71.     Master-Bilt's and/or Standex's failure to provide insurance coverage as required by paragraph 2.1 of the Master-Bilt Lease is a breach of the Lease.

72.     As a result of Master-Bilt's and/or Standex's breach, Jasper Creek has suffered, and will continue to suffer, damages including attorney fees, costs, and expense associated with defense of this suit.

73.     As a result of these breaches of contract Jasper Creek will suffer damages in the future in addition to its costs to defend, including any amounts which Jasper Creek may be required to pay for judgment or settlement of the negligence claim in suit.

74.     As a result of the willful conduct of Master-Bilt and/or Standex, undertaken without regard for the rights of Jasper Creek, and made without contractual or other legal basis, Jasper Creek is entitled to punitive damages and extra-contractual damages, including attorney fees, costs, and expenses, against Standex.

WHEREFORE, PREMISES CONSIDERED, Jasper Creek, LLC hereby demands judgment against Master-Bilt and Standex for breach of contract, and seeks damages in an amount to be determined by a jury for its attorney fees, expenses, and costs incurred to defend the suit brought by Factory Mutual and Standex against Jasper Creek, and for the amount of any judgment awarded against Jasper Creek, or any amount Jasper Creek pays to settle the claims against it, as well as an amount of punitive damages to be determined by a jury for the purpose of deterring similar future behavior.

## Count II- Breach of Contract (Factory Mutual)

75.     Jasper Creek adopts and restates the allegations contained in paragraphs 1-74 of this Counterclaim as if fully restated herein.

76.     Master-Bilt, or Standex if it is properly subrogated or assigned to the rights of Master-Bilt, was required to provide liability insurance for Jasper Creek's benefit in accordance with paragraph 2.1 of the Master-Bilt Lease.

77.     Upon information and belief, Factory Mutual has issued one or more policies of insurance providing such insurance and now claims that Standex stands in the shoes of the lessee of the lease in suit, Master-Bilt.

78.     Upon information and belief, the terms of such policy require Factory Mutual to defend Jasper Creek for claims of negligence.

79.     The suit brought herein by Standex alleges that Jasper Creek was negligent in failing to maintain the building and premises leased by Master-Bilt, and that as a result of Jasper Creek's alleged negligence, Standex suffered damages for which it seeks redress herein.

80.     Jasper Creek has made demand on Factory Mutual to provide a defense and indemnification for the claims made in suit, and Factory Mutual has not accepted.

81.     Factory Mutual has not provided Jasper Creek a defense to the allegations in suit made against it by Standex.

82.     Upon information and belief, the policy requires Factory Mutual to provide defense and indemnification to covered claims, including claims made against Jasper Creek as an additional insured or insured under the policy.

83.     Factory Mutual's failure to defend and indemnify Jasper Creek is a breach of the lease in questions and its own policy.

84.     Standex, to the extent it can stand in the shoes Master-Bilt, owes the same duties as Master-Bilt, including the duty to defend, indemnify and hold harmless.  As a result, Factory Mutual, as Standex's insurer, owes Jasper Creek a duty to defend and potentially indemnify it pursuant to the terms of the Master-Bilt Lease for any claim which is covered under the Factory Mutual policy, pursuant to which suit is allegedly brought. Good faith compliance with the policy terms and conditions and the terms of the lease requires that Factory Mutual defend all contract and negligent claims, and if it reserves rights, to pay independent, or *Moeller*, type counsel to defend against allegedly non-covered claims.   By refusing and continuing to refuse to defend, Factory Mutual is acting without any arguable reason or basis to do so and with malice, upon

information, and should be liable for all compensatory, extra contractual and punitive damages permitted under the law.

85.     Standex and Factory Mutual have alleged in this suit, without alleging the basis for their right to recover under the Master-Bilt Lease, that Jasper Creek was negligent in failing to properly maintain the building where it leased space pursuant to the Master-Bilt Lease, and by failing to install fire protection equipment and fire suppression equipment.  Upon information and belief, Factory Mutual knew from inspections, or should have known, the nature of the property it insured and the nature of the building used as a warehouse and every alleged deficiency that they allege contributed to the fire and its spread well prior to June 26, 2019.  Despite said knowledge from the beginning of the Master-Bilt Lease by the lessee and well before June 26, 2019, by Factory Mutual, neither Master-Bilt, nor Standex, ever asked Jasper Creek to inspect or update any of the alleged deficiencies sued upon herein, choosing instead to continue to enjoy a favorable rate of rent that would have been affected if they made such a demand.  Moreover, Factory Mutual did inspections prior to and during the existence of its policy, either for Master-Bilt or Standex, or both, and chose with full knowledge to insure the risk for the premium charged without demanding any change of location or additions of any kind to the premises.  Upon information and belief, the premium rated for the risk and charged by Factory Mutual, as well as the large deductible, were calculated upon the basis of the actual risk on the grounds of which they now complain.  Master-Bilt, Standex, and Factory Mutual voluntarily chose to accept the risk, charge their premium, ask for no changes, and only changed their position after a loss occurred.  They are all estopped and barred by this conduct and intentional acceptance and assumption of the risk.

86.     As a result of Factory Mutual's failure to provide Jasper Creek a defense and indemnification to the allegations in this suit, Jasper Creek has suffered, and will continue to suffer, damages including attorney fees, costs, and expense associated with defense of this suit.

87.     As a result of these breaches of contract Jasper Creek will, and has, suffered damages in the future in addition to its costs to defend, including any amounts which Jasper Creek may be required to pay for judgment or settlement of the negligence claim in suit, if any.

88.     As a result of Factory Mutual's refusal to defend Jasper Creek, undertaken without arguable reason or reasonable basis and without regard for the rights of Jasper Creek, and made without contractual or other legal basis, Jasper Creek is entitled to punitive damages and extra-contractual damages, including attorney fees, costs, and expenses, against Factory Mutual.

89.     Because Jasper Creek is, or should be, Factory Mutual's insured, Factory Mutual is acting in bad faith by suing its own insured in subrogation.

WHEREFORE, PREMISES CONSIDERED, Jasper Creek, LLC hereby demands judgment against Factory Mutual for breach of contract, and seeks damages in an amount to be determined by a jury for punitive damages and extra-contractual damages, including attorney fees, costs, and expenses incurred to defend the suit brought by Factory Mutual and Standex against Jasper Creek, and for the amount of any judgment awarded against Jasper Creek, or any amount Jasper Creek pays to settle the claims against it.

### Count III- Breach of Contract (Nationwide)

90.     Jasper Creek adopts and restates the allegations contained in paragraphs 1-89 of this Counterclaim as if fully restated herein.

91.     Nationwide issued a policy or policies of insurance to Thomas which provides coverage for damage sustained by Jasper Creek as a result of the fire.

92.     Nationwide has failed to provide coverage for damages sustained by Jasper Creek and other tenants and/or property owners as a result of the fire.

93.     Nationwide's failure to provide such coverage is a breach of the terms and conditions of the policy.

94.     Standex and Factory Mutual have alleged that Jasper Creek was negligent in failing to properly maintain the building where it leased space pursuant to the Master-Bilt Lease and by failing to install fire protection equipment and fire suppression equipment. Anticipating that Nationwide may argue that its policy does not provide coverage for such claims, upon information and belief Nationwide knew from inspections, or should have known, the nature of the property it insured and the nature of the building used as a warehouse and every alleged deficiency that Plaintiffs allege contributed to the fire and its spread well prior to June 26, 2019. Nationwide did inspections prior to and during the existence of its policy either for Thomas and chose with full knowledge to insure the risk for the premium charged without demanding any change of location or additions of any kind to the premises. Upon information and belief, the premium rated for the risk and charged by Nationwide as well as the deductible were calculated upon the basis of the actual risk. Thomas and Nationwide voluntarily chose to accept the risk, charge their premium, ask for no changes. They are both estopped and barred by this conduct and intentional acceptance of the risk.

95.     Nationwide was given notice of Jasper Creek's individual claims pursuant to the Nationwide policy, as well as notice of Jasper Creek's claim against Thomas for indemnity under the Thomas Lease and common law for damage sustained by Jasper Creek as a result of the fire.

96.     Despite notice of these claims, Nationwide refused to acknowledge, investigate, or pay for damage Jasper Creek and/or other tenants or property owners sustained as a result of the

fire.

97.     Nationwide's failure to investigate and acknowledge the claims of Jasper Creek for property and other damages constitutes a constructive denial of such claim undertaken without arguable basis, and constitutes a breach of contract.

98.     Nationwide has waived any defenses to coverage it may have as a result of its failure to investigate the claims presented.

99.     As a result of Nationwide's breach, Jasper Creek has suffered and will continue to suffer damages.

100.    Nationwide also issued a policy or policies of insurance to Thomas which provide liability coverage for the benefit of Jasper Creek pursuant to the terms of the Thomas Lease for claims made as a result of negligence.

101.    Factory Mutual and Standex have filed suit against Jasper Creek seeking redress for damages sustained as a result of the fire, which they allege was caused by the negligence of Thomas and Jasper Creek.

102.    Nationwide's policy or policies require Nationwide to provide a defense to Jasper Creek for such claims.

103.    Nationwide's policy or policies may require Nationwide to indemnify Jasper Creek from such claims.

104.    Demand has been made upon Nationwide to defend and indemnify Jasper Creek from such claims in suit, and Nationwide has not accepted.

105.    Nationwide failed to conduct an investigation to determine whether coverage is afforded Jasper Creek, and failed to respond to Jasper Creek's demand for defense and indemnity.

106.    Nationwide has failed to provide Jasper Creek a defense or indemnity for the claims

made by Standex and Factory Mutual.

107.    Nationwide has waived any coverage defenses as a result of its failure to investigate the claims presented.

108.    Good faith compliance with the policy required that Nationwide perform an investigation to determine whether any claims made against Jasper Creek were covered and to defend all contract and negligent conduct claims.   By refusing and continuing to refuse to defend, Nationwide is acting without any arguable reason to do so and with malice, upon information, and should be liable for all compensatory, extra contractual and punitive damages permitted under the law.  Nationwide's failure to provide a defense to Jasper Creek, even under a reservation of rights, constitutes a constructive denial made without arguable reason in breach of the terms of the Nationwide policy.

109.    Nationwide's failure to provide a defense and indemnity to Jasper Creek is in breach of the policy terms and conditions.

110.    As a result of these breaches of contract, Jasper Creek and/or other tenants and property owners have suffered and will continue to suffer damages.

111.    Nationwide's failure to deny coverage or reserve rights has resulted in a waiver of any defense which Nationwide may have to coverage.

112.    As a result of Nationwide's conduct, Jasper Creek and/or other tenants and property owners suffered damages and will continue to suffer damage.

113.    Jasper Creek and/or other tenants and property owners are entitled to recover its actual damages, including attorney fees, costs, and expenses associated with defense of the claims against it, as well as punitive and extra-contractual damages for Nationwide's wrongful denial of coverage.

WHEREFORE, PREMISES CONSIDERED, Jasper Creek, LLC hereby demands judgment against Nationwide for breach of contract, and seeks damages in an amount to be determined by a jury for its damages as a result of the fire, and seeks damages in an amount to be determined by a jury for Nationwide's wrongful denial of its duty to defend Jasper Creek against the claims made by Standex and Factory Mutual in an amount to include its attorney fees, expenses, and costs incurred to defend the suit brought by Factory Mutual and Standex against Jasper Creek, and for the amount of any judgment awarded against Jasper Creek, or any amount Jasper Creek pays to settle the claims against it, as well as an amount of punitive damages to be determined by a jury for the purpose of deterring similar future behavior.

**AND NOW,** Jasper Creek asserts its Crossclaim against Steven Thomas as follows:

## **CROSSCLAIM**

**COMES NOW,** Cross Plaintiff, Jasper Creek, LLC (hereinafter "Jasper Creek"), by and through counsel, and files its Crossclaim against Steven Thomas ("Thomas") pursuant to Fed. R. Civ. P. 13(g) and in support of same would state as follows:

### **Parties**

1.      Cross-Plaintiff, Jasper Creek, LLC, is a limited liability company duly authorized under the laws of the state of Mississippi and is in good standing with the Office of the Secretary of State. Jasper Creek, LLC's principal place of business is located at 857 Highland Park Drive, Tupelo, Mississippi 38801.

2.      Cross-Defendant Steven Thomas ("Thomas"), is an adult resident of Tippah County, Mississippi, who at all times material hereto was doing business under the trade name "Thomas Wholesale and Salvage". Thomas may be served with process by personal service at 1115 City Avenue, North, Ripley, MS 38663.

**Jurisdiction and Venue**

3.     Notwithstanding the above herein mentioned subject matter jurisdiction defenses, this Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 13(g), and 28 U.S.C. §1367(a) as the crossclaim arises out of the same transaction, occurrence, or series of events giving rise to the litigation.

4.     Notwithstanding the above herein mentioned subject matter jurisdiction defenses, venue in this District and Division is proper because the events giving rise to the claims herein occurred in Union County, Mississippi.

**Facts**

5.     On or about March 26, 2011, Steven Thomas entered into a Lease Agreement with Jasper Creek, LLC, a copy of which is attached hereto as Exhibit 4 ("Thomas Lease").

6.     Pursuant to the Thomas Lease, Thomas was to initially lease approximately 13,500 square feet of space with the potential for additional space to be leased as it became available.

7.     The Thomas Lease indicates that Thomas was to utilize the space as warehouse storage.

8.     Thomas represented to Jasper Creek that the space would be used to store furniture and for a furniture store front.

9.     On or about June 26, 2019, a fire occurred in the premises leased by Thomas pursuant to the Thomas Lease.

10.     The fire originated in the space leased by Thomas pursuant to the Thomas Lease and spread throughout the premises located at 922 Hwy. 15 N., New Albany, MS., causing damage to the building and personal property of Jasper Creek and other tenants and property owners within the building, including Thomas and Standex.

11.     Upon information and belief, the fire marshal determined the fire was the result of arson.

12.     Following the fire Jasper Creek learned that Thomas used the space covered by the Thomas Lease to store propane tanks and other flammables beyond what was disclosed, in either type or amount.

13.     Upon information and belief, some or all of these flammable products may have contributed to the fire spread or the extent of damage caused by the fire.

14.     Paragraph 2.1 of the Thomas Lease required Thomas to obtain "a policy or policies of commercial general liability insurance for personal injury (including wrongful death) and damage to property covering (a) any occurrence in the Leased Premises, (b) any act or omission by Tenant, by any subtenant of Tenant, or by any of their respective invitees, agents, contractors, servants, or employees anywhere in the Leased Premises or the Property, (c) the business operated by Tenant and aby any subtenant of Tenant in the Leased Premises, and (d) the contractual liability of Tenant to Landlord pursuant to Article 2.4 below which coverage shall not be less than $1,000,000.00 per occurrence and $1,000,000.00 combined single limit."

## Count I- Breach of Contract (Thomas)

15.     Jasper Creek adopts and restates the allegations contained in paragraphs 1-14 of this Crossclaim as if fully restated herein.

16.     On June 19, 2020, Factory Mutual Insurance Company and Standex brought this suit against Jasper Creek, and others, seeking reimbursement for amounts Factory Mutual paid to Standex for damage to property from the fire, pursuant to a policy of insurance issued by Factory Mutual.

17.     Standex seeks reimbursement of its $500,000.00 deductible required by the Factory Mutual policy in this suit.

18.     Jasper Creek did not cause the fire or take any action which contributed to the cause of the fire.

19.     During the time Thomas leased the premises from Jasper Creek, Thomas began storing flammables in the leased space changing the nature of the occupancy from that negotiated in the Thomas Lease.

20.     Standex and Factory Mutual have alleged that the storage of these flammables caused or contributed to the fire and the fire spread, and that Jasper Creek and Thomas are liable for damages as a result of the same.

21.     Jasper Creek was unaware of the storage of flammables in the space occupied by Thomas, and the change in occupancy constitutes a material breach of the terms of the Thomas Lease.

22.     Pursuant to Paragraph 2.1 of the Thomas Lease, Thomas was required to obtain insurance for the benefit of Jasper Creek.

23.     Upon information and belief, Thomas intended for a policy or policies issued by Nationwide Mutual Insurance Company ("Nationwide") or other insurers who are unknown at this time to provide such insurance.

24.     Upon information and belief, such insurance provides coverage for the benefit of Jasper Creek and/or other tenants and property owners for damage sustained by Jasper Creek from the fire, as well as liability insurance for claims made against Jasper Creek as a result of the alleged negligence of Thomas.

25.     Jasper Creek made demand upon Thomas and Nationwide to defend and indemnify it from the claims made herein. Nationwide has not accepted.

26.     Thomas and Nationwide have thus refused to provide Jasper Creek a defense or indemnification for the claims brought herein.

27.     Jasper Creek made demand upon Thomas and Nationwide to make payment for the damage to Jasper Creek's building and other personal property, including loss of business income and other damages, as a result of the fire.

28.     Thomas and Nationwide have failed to make payment to Jasper Creek for any damage sustained by Jasper Creek as a result of the fire.

29.     Thomas has failed to provide the insurance required in paragraph 2.1 of the Thomas Lease.

30.     Thomas's failure to obtain such insurance is a breach of the terms of the Thomas Lease.

31.     Pursuant to the terms of the Thomas Lease and common law Thomas is required to defend, indemnify and hold harmless Jasper Creek from any claims arising from the fire damage.

32.     Thomas is named in the suit filed by Factory Mutual and Standex, and was served with process on or about June 25, 2020.

33.     Thomas had actual knowledge of the claims made in suit against Jasper Creek and failed to defend or indemnify Jasper Creek from such claims.

34.     Jasper Creek gave notice to Thomas of the allegations in suit and made demand that Thomas defend and indemnify Jasper Creek from such claims, and Thomas has failed to defend or indemnify Jasper Creek for the claims arising in this suit by Factory Mutual or Standex.

35.     Thomas's failure to defend and indemnify Jasper Creek is a breach of the terms of the Thomas Lease.

36.     As a result of these breaches of contract Jasper Creek has suffered, and continues to suffer, damages including attorney fees, costs, and expense associated with defense of this suit.

37.     As a result of these breaches of contract Jasper Creek will suffer damages in the future in addition to its costs to defend, including any amounts which Jasper Creek may be required to pay for judgment or settlement of the claims in suit.

WHEREFORE, PREMISES CONSIDERED, Jasper Creek, LLC hereby demands judgment against Thomas for breach of contract, and seeks damages in an amount to be determined by a jury for its building and personal property damages, attorney fees, expenses, and costs incurred to defend the suit brought by Factory Mutual and Standex against Jasper Creek, and for the amount of any judgment awarded against Jasper Creek, or any amount Jasper Creek pays to settle the claims against it.

## Count II- Negligence (Thomas)

38.     Jasper Creek adopts and restates the allegations contained in paragraphs 1-37 of this Crossclaim as if fully restated herein.

39.     Thomas owed a duty to utilize the premises identified in the Thomas Lease for the purpose negotiated.

40.     Thomas owed a duty to Jasper Creek not to change the nature of his occupancy of such space without notice to Jasper Creek.

41.     Thomas owed a duty to Jasper Creek not to store highly flammable materials in an area not equipped with fire suppression or fire prevention systems.

42.     Thomas's storage of highly flammable materials in the space identified in the Thomas Lease substantially increased the risk associated with Thomas's occupancy of that portion of the premises, and changed the nature of such occupancy.

43.     Upon information and belief, Thomas's storage of such materials was the cause of the fire, or a contributing factor in the severity of the fire which occurred on June 26, 2019.

44.     Thomas's storage of highly flammable materials in a space intended for storage of furniture was a breach of Thomas's duties to Jasper Creek.

45.     Thomas's acts, errors, or omissions caused the fire or contributed to the severity of the fire, causing damage to Jasper Creek and other of Jasper Creek's tenants.

46.     As a result of the acts, errors, or omissions of Thomas in storing highly flammable materials in an area not designed for such purpose, Jasper Creek and/or other tenants and property owners suffered damage, including damage to the building where Thomas leased space and damage to personal property owned by Jasper Creek and/or other tenants and property owners.

WHEREFORE, PREMISES CONSIDERED, Jasper Creek demands judgment against Thomas in an amount to be determined by a jury for Thomas's negligence.

**AND NOW,** having answered Plaintiffs' Complaint, paragraph by paragraph, having asserted its defenses and affirmative defenses to Plaintiffs' Complaint, and having asserted its Counterclaims and Crossclaims herein, Jasper Creek respectfully requests that the Plaintiffs' Complaint against it be dismissed with prejudice and that it be awarded judgment against the Counter-Defendants and Cross-Defendant as outlined herein, and for such other relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED,** this the 24th day of August 2020.

**As to Defenses:**

**WEBB SANDERS & WILLIAMS PLLC**
**363 NORTH BROADWAY**
**POST OFFICE BOX 496**
**TUPELO, MISSISSIPPI 38802**
**TELEPHONE: (662) 844-2137**
**FACSIMILE: (662) 842-3863**
**DAN W. WEBB, MSB #7051**
**dwebb@webbsanders.com**
**ROECHELLE R. MORGAN, MSB #100621**
**rmorgan@webbsanders.com**
**BRANDI E. SOPER, MSB #105026**
**bsoper@webbsanders.com**

**BY:** /s/ *Dan W. Webb*
**DAN W. WEBB**

**And,**

**As to affirmative claims made in Counterclaim**
**and Crossclaim:**

**BROCK DEATON LAW FIRM**
**POST OFFICE BOX 2757**
**TUPELO, MISSISSIPPI 38803**
**TELEPHONE: (662) 844-2055**
**FACSIMILE: (662) 840-6039**
**BO R. BROCK, MSB #102309**
**bo@deatonlawfirm.net**

**BY:** /s/ *Bo R. Brock*
**BO R. BROCK**

## CERTIFICATE OF SERVICE

I, Dan W. Webb, one of the attorneys for Defendant, Jasper Creek, LLC, hereby certify that I have served the foregoing *Answer, Defenses and Affirmative Defenses, Counterclaim and Crossclaim*, with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record:

*Attorneys for Plaintiffs*

H. Scot Spragins, Esq.
Hickman, Goza & Spragins, PLLC
P.O. Drawer 668
Oxford, MS 38865-0668
sspragins@hickmanlaw.com

Jefferson C. Orr, Esq.
S. Joe Welborn, Esq.
Smith Cashion & Orr, PLC
3100 West End Ave., Suite 800
Nashville, TN 37204
jorr@smithcashion.com
jwelborn@smithcashion.com

*Attorney for Defendant Union County, Mississippi*

R. Jeff Allen, Esq.
Hutt Ross & Allen
P.O Box 1196
Clarksdale, MS 38614
rjallen@huntross.com

*Attorneys for Defendant Thomas*

Jay M. Atkins, Esq.
Ben Woodhouse, Esq.
McAngus, Goudelock and Courie, LLC
119 North 9th St.
Oxford, MS 38655
jay.akins@mgclaw.com
ben.woodhouse@mgclaw.com

**THIS** the 24th day of August 2020.

/s/ *Dan W. Webb*
**DAN W. WEBB**