# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as Subrogee of Standex International Corporation, and STANDEX INTERNATIONAL CORPORATION,<br><br>    Plaintiffs,<br>v.<br><br>STEVEN THOMAS D/B/A THOMAS WHOLESALE AND SALVAGE, JASPER CREEK, LLC, and UNION COUNTY, MISSISSIPPI, acting by and through the Board of Supervisors for the Third Supervisors District of Union County, Mississippi,<br><br>    Defendants. | Case No.: 3:20cv180-DMB-RP |

JASPER CREEK, LLC

    Counter-Plaintiff,
v.

FACTORY MUTUAL INSURANCE COMPANY, Individually and As Subrogee of Standex International Corporation, STANDEX INTERNATIONAL CORPORATION, NATIONWIDE MUTUAL INSURANCE COMPANY, MASTER-BILT REFRIGERATION SOLUTIONS, an unincorporated association d/b/a MASTER-BILT NEW ALBANY, XYZ UNKNOWN CORPORATIONS, and JOHN DOES 1-10,

    Counter-Defendants.

And

JASPER CREEK, LLC

    Cross-Plaintiff,
v.

STEVEN THOMAS, Individually, and d/b/a as THOMAS WHOLESALE AND SALVAGE,

    Cross-Defendant.

1

**COUNTER-DEFENDANTS' COMBINED MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO COUNTS I AND II OF JASPER CREEK, LLC'S COUNTERCLAIM
AND MOTION TO STRIKE JASPER CREEK, LLC'S ASSERTIONS
AND DEFENSE OF LACK OF SUBJECT MATTER JURISDICTION**

COME NOW, Counter-Defendants Factory Mutual Insurance Company ("FMIC"), as subrogee of Standex International Corporation, Standex International Corporation ("Standex") and Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany ("M-B NA")[1] (collectively "Counter-Defendants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b) and 56 move this Court to dismiss Counts I and II of Defendant/Counter-Plaintiff Jasper Creek, LLC's ("Jasper Creek") Counterclaim [Doc. 34]. Counter-Defendants also move pursuant to Fed. R. Civ. P. 12(f) to strike Jasper Creek's defense and allegations set forth in Jasper Creek's Answer, Counterclaim and Cross-Claim [Doc. 34] to the effect that adding improperly named and identified counter-defendant M-B NA as a counter-defendant destroys diversity jurisdiction and warrants dismissal of this lawsuit in its entirety. As grounds for the instant Motion, Counter-Defendants would show onto the Court as follows:

1. Master-Bilt Products, incorrectly identified and named as M-B NA, was, at all times material to the allegations of the Plaintiffs' Complaint and Jasper Creek's Counterclaim, an unincorporated division of Standex. *See* Affidavit of Stacey S. Constas at Paragraph 5 (Constas Aff., ℙ ___) attached hereto as **Exhibit 1**. Jasper Creek was advised of this fact well before it filed

---

[1] Standex believes that the unincorporated counter-defendant business identified by Jasper Creek in its Counterclaim as "Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany" is actually Master-Bilt Products, which at all times material to the claims at issue in this lawsuit was a division of Standex International Corporation. ***Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany appears herein solely for purposes of this motion.***

2

its Counterclaim. *See* Standex's counsel's e-mail to Jasper Creek's counsel dated July 29, 2020, attached hereto as **Exhibit 2**.

2. Jasper Creek's Counterclaim against improperly named and identified counter-defendant M-B NA fails as a matter of law, because said entity does not exist, lacks the capacity to sue or be sued under Fed. R. Civ. P. 17 and the only real defendant in interest with respect to Count I of Jasper Creek's Counterclaim is Standex.

3. Count I of Jasper Creek's Counterclaim against Standex and M-B NA, is based entirely on the wording of Section 2.4 of the Lease Agreement between Jasper Creek and Standex, which states in part:

> 2.4 <u>Exculpation</u>: Tenant, as a material part of the consideration to Landlord, hereby agrees to indemnify, defend and hold landlord harmless from any damage to property, injury and/or death to persons and all claims of any other nature resulting from the Tenant's use of all or any part of the Leased Premises, the Building and/or the Property, unless such damage or injury/death shall be caused by the willful act or gross neglect of the Landlord and through no fault of the Tenant. Neither Landlord nor its employees or agents shall be liable for any defects in the Leased Premises, the Building and/or the Property, nor shall Landlord be liable for the negligence or misconduct, including but not limited to, criminal acts, by maintenance or other personnel or contractors serving the Leased Premises, the Building and/or the Property, other tenants or third parties, unless Landlord is grossly negligent or guilty of willful misconduct. All property of Tenant kept or stored on the Property shall be kept or stored at the risk of Tenant only and Tenant shall indemnify, defend and hold landlord harmless for, from and against, and shall be responsible for, any Claims arising out of damage to the same, including subrogation claims by Tenant's insurance carriers, unless such damage shall be caused by the willful act or gross neglect of the Landlord and through no fault of Tenant.

[*See* Doc. 34, p. 30-43; Doc. 34-2].

4. Under Section 2.2 of the Lease, however, Jasper Creek expressly agreed to maintain the Building at issue, and therefore Section 2.4 of the Lease is void and wholly unenforceable under Miss. Code Ann. § 31-5-41. Accordingly, since the sole basis for Jasper Creek's Counterclaim against Standex, M-B NA and FMIC is Section 2.4 of the Lease, and since that provision is void and

3

wholly unenforceable as a matter of Mississippi law, Counts I and II of the Counterclaim should be dismissed with prejudice.

5. Count II of Jasper Creek's Counterclaim against FMIC should also be dismissed as a matter of law because it is premised entirely upon the unsupported and unfounded assertion that FMIC issued a "liability policy" to Standex and/or M-B NA. As demonstrated more fully in Counter-Defendants' Supporting Memorandum of Law and filings with this court, it is undisputed that at no point in time has FMIC insured Standex, or its unincorporated division Master-Bilt Products, under a liability policy. The only policy FMIC has issued to Standex, which has any relationship whatsoever with the Fire or the damages sustained by Standex, or its unincorporated division Master-Bilt Products, is FM Global Policy No. 1041682, which is a property and business interruption insurance policy. Accordingly, Count II of Jasper Creek's Counterclaim against FMIC should be dismissed as a matter of law.

6. Jasper Creek's Affirmative Defense No. 6 and allegations set forth in Paragraphs 8 and 9 of its Counterclaim to the effect that adding M-B NA as a counter-defendant destroys diversity jurisdiction and mandates dismissal as to all parties due to lack of subject matter jurisdiction are devoid of merit.

7. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure those defenses and assertions should be stricken from the record, as Jasper Creek's counterclaim is clearly a compulsory counterclaim and this Court has ancillary jurisdiction over Jasper Creek's claims against M-B NA.

8. The improper inclusion of M-B NA in this action is impeding the efficient adjudication of this case and is clearly a flawed attempt to destroy diversity jurisdiction in this case. The Federal Rules of Civil Procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

WHEREFORE, for the foregoing reasons and for the reasons set forth in Counter-Defendants' Supporting Memorandum of Law filed contemporaneously herewith, Counts I and II of Jasper Creek's Counterclaim [Doc. 34] should be dismissed with prejudice and Jasper Creek's Affirmative Defense No. 6 and allegations set forth in Paragraphs 8 and 9 of its Counterclaim should be stricken from the record.

Respectfully Submitted,

/s/ S. Joe Welborn
Jefferson C. Orr (Admitted Pro Hac Vice)
S. Joe Welborn (Admitted Pro Hac Vice)
SMITH CASHION & ORR, PLC
One American Center
3100 West End Ave.
Suite 800
Nashville, Tennessee 37204
jorr@smithcashion.com
jwelborn@smithcashion.com
(615) 742-8555
Fax No.: (615) 742-8556

AND

H. Scot Spragins, MSB #7748
Hickman, Goza & Spragins, PLLC
P. O. Drawer 668
Oxford, MS 38655-0668
sspragins@hickmanlaw.com
(662) 234-4000

*Co-Counsel for Plaintiffs Factory Mutual Insurance Company, as subrogee of Standex International Corporation, and Standex International Corporation*

## CERTIFICATE OF SERVICE

      I do hereby certify that I have this date filed a true and correct copy of the above and foregoing Notice of Service with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record:

Jay Marshall Atkins
Ben Thomas Woodhouse
MCANGUS GOUDELOCK & COURIE
119 North 9th Street
Oxford, MS 38655
jay.atkins@mgclaw.com
ben@baileywomble.com
*Counsel for Steven Thomas d/b/a Thomas Wholesale Furniture and Salvage*

Dan W. Webb
Brandi Elizabeth Soper
Roechelle R. Morgan
WEBB SANDERS & WILLIAMS, PLLC
363 N. Broadway
Tupelo, MS 38804
dwebb@webbsanders.com
bsoper@webbsanders.com
rmorgan@webbsanders.com
*Co-Counsel for Jasper Creek, LLC*

L.N. Chandler Rogers
ROGERS LAW GROUP, P.A.
P.O. Box 1771
201 West Bankhead Street
New Albany, MS 38652
chandler@rogerslawgroup.com
*Co-Counsel for Union County, Mississippi*

Thomas L. Carpenter
CARR ALLISON
1319 26th Avenue
Gulfport, MS 39501
tcarpenter@carrallison.com

*Counsel for Nationwide Mutual Insurance Company*

Bo Randle Brock
BROCK DEATON LAW FIRM
Post Office Box 2757
Tupelo, MS 38803-2757
bo@deatonlawfirm.net

*Co-Counsel for Jasper Creek, LLC*

R. Jeff Allen
HUNT ROSS & ALLEN
P. O. Box 1196
Clarksdale, MS 38614-1196
rjallen@huntross.com

*Co-Counsel for Union County, Mississippi*

H. Scot Spragins
Hickman, Goza & Spragins, PLLC
P. O. Drawer 668
Oxford, MS 38655-0668
sspragins@hickmanlaw.com

*Co-Counsel for Plaintiffs*

      This 29th day of September 2020.

                                                 /s/    S. Joe Welborn