# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as Subrogee of Standex International Corporation, and STANDEX INTERNATIONAL CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN THOMAS D/B/A THOMAS WHOLESALE AND SALVAGE, JASPER CREEK, LLC, and UNION COUNTY, MISSISSIPPI, acting by and through the Board of Supervisors for the Third Supervisors District of Union County, Mississippi, <br><br> Defendants. | Case No.: 3:20cv180-DMB-RP |
| JASPER CREEK, LLC <br><br> Counter-Plaintiff, <br><br> v. <br><br> FACTORY MUTUAL INSURANCE COMPANY, Individually and As Subrogee of Standex International Corporation, STANDEX INTERNATIONAL CORPORATION, NATIONWIDE MUTUAL INSURANCE COMPANY, MASTER-BILT REFRIGERATION SOLUTIONS, an unincorporated association d/b/a MASTER-BILT NEW ALBANY, XYZ UNKNOWN CORPORATIONS, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| And <br><br> JASPER CREEK, LLC <br><br> Cross-Plaintiff, <br><br> v. <br><br> STEVEN THOMAS, Individually, and d/b/a as THOMAS WHOLESALE AND SALVAGE, <br><br> Cross-Defendant. | |

## MASTER-BILT REFRIGERATION SOLUTIONS D/B/A MASTER-BILT NEW ALBANY'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

COMES NOW Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany, by and through undersigned counsel, and files this Motion to Set Aside Clerk's Entry of Default against Master-Bilt Refrigeration Solutions [Doc. 73], and in support of that Motion would state unto the Court as follows:

1. Defendant/Counter-Plaintiff, Jasper Creek, LLC, filed its Answer, Crossclaim and Counterclaims herein on August 24, 2020. [Doc. 34].

2. On September 1, 2020, Summons [Doc. 39] was issued to

   MASTER-BILT REFRIGERATION SOLUTIONS,
   an unincorporated association d/b/a MASTER-BILT NEW ALBANY
   c/o Tom Machingo
   908 Highway 15 North
   New Albany, MS 38652

3. Said Summons was personally served on Tom Machingo on September 8, 2020 [Doc. 44].

4. On September 29, 2020, within twenty-one (21) days of the date that Tom Machingo was served with the Summons, Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany ("M-B NA") made a limited appearance in this case and filed, along with Standex International Corporation ("Standex") and Factory Mutual Insurance Company ("FMIC"), a Motion to Dismiss Jasper Creek's Counterclaim [Doc. 57] ("Motion to Dismiss").

5. The first paragraph of M-B NA's Motion to Dismiss [Doc. 57] clearly identifies Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany as a movant seeking specific relief under Fed. R. Civ. P. 12(b) and 56 in response Jasper Creek's Counterclaim [Doc. 34].

6. M-B NA's Motion to Dismiss [Doc. 57] also clearly states as follows:

2

> Standex believes that the unincorporated counter-defendant business identified by Jasper Creek in its Counterclaim as "Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany" is actually Master-Bilt Products, which at all times material to the claims at issue in this lawsuit was a division of Standex International Corporation. ***Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany appears herein solely for purposes of this motion.***

[Doc. 57, n 1.] (emphasis as original).

7. M-B NA clearly made an appearance and filed a responsive pleading [Doc. 57] to Jasper Creek's Counterclaim on September 29, 2020, eight (8) days before the Clerk's Notice of Past Due Answer [Doc. 68].

8. On October 9, 2020, Jasper Creek filed a Motion for Default against M-B NA [Doc. 71]. M-B NA filed a Response in Opposition to Jasper Creek's Motion for Default in which it advised the Court of its appearance in this case and its pending Motion to Dismiss [Doc. 72]. On October 13, 2020, the Clerk entered a default against M-B NA [Doc. 73].

9. Under Rule 55, a district court "may set aside an entry of default for good cause." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (quoting Fed. R. Civ. P. 55(c)). The language of Rule 55 is discretionary, and "the decision to set aside a default is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

10. District courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense. *Id.* at 183-84. This is because "courts universally favor trial on the merits.' *Dierschke*, 975 F.2d at 183 (internal quotation marks omitted).

11. Based on the foregoing, the entry of default against M-B NA should be set aside given that M-B NA has appeared and has responded to Jasper Creek's Counterclaim. *See* Doc. 57.

12. M-B NA has been responsive and there has certainly been no willful refusal on M-B NA's part to appear and defend the claims asserted against it by Jasper Creek.

13. Jasper Creek cannot claim any prejudice. This case is in the incipient stages, Jasper Creek filed a Counter-Claim against M-B NA and M-B NA has appeared and responded in a timely and legitimate manner in defense of Jasper Creek's meritless claims.

14. The purpose of Fed. R. Civ. P. 55 is for the protection of those parties who have evidenced a clear intent to defend the suit. *Segars v. Hagerman*, 99 F.R.D. 274, 276 (D.C. Miss. 1983). That purpose would be subverted here if the entry of default were allowed to stand, as M-B NA, by filing its motion to dismiss [Doc. 57] in response to Jasper Creek's Counterclaim [Doc. 34], has evidenced in a timely fashion a clear intent to appear and defend Jasper Creek's suit. Further, M-B NA's motion to dismiss [Doc. 57] clearly demonstrates that M-B NA has a meritorious defense to Jasper Creek's Counterclaim.

15. Another basis for setting aside the Clerk's Entry of Default against M-B NA, are the numerous misrepresentations made by Jasper Creek and its counsel in its Motion for Default and Rule 55(a) Affidavit. In the Affidavit, counsel for Jasper Creek states as follows:

(1) As of the date of filing, the Counter-Defendant, Master-Bilt, has failed to answer or otherwise respond to the Counter-Claimed filed against it herein.

(2) Neither of the Plaintiffs, FM nor Standex is a party to the Counter-Claim served upon Master-Bilt (twice) herein.

[Doc. 71-1]. Both of these statements are blatant misrepresentations. First, M-B NA did respond to Jasper Creek's Counterclaim. *See* Doc. 57. Second, FMIC and Standex are both identified as Counter-Defendants in Jasper Creek's Counterclaim. [See Doc. 34].

16. As if these misrepresentations were not enough, Jasper Creek and its counsel have also represented to this Court that counsel for Standex and FMIC agreed to accept service for

4

"Master-Bilt Refrigeration Solutions an unincorporated association d/b/a Master-Bilt New Albany." *See* Doc. 71, p. 2 of 6; *see also* Doc. 71-1. This statement, like so many others in Jasper Creek's Motion for Default, is not true. Counsel for FMIC and Standex never agreed to accept service of process for the fictional un-incorporated association created by Jasper Creek and identified in Jasper Creek's Counterclaim as "Master-Bilt Refrigeration Solutions an unincorporated association d/b/a Master-Bilt New Albany." Rather, counsel for FMIC and Standex made it very clear to counsel for Jasper Creek via e-mail on July 29, 2020 (the very same e-mail that counsel for Jasper Creek relies upon in support of this misrepresentation set forth in his Affidavit [Doc. 71-1]) that counsel for FMIC and Standex would accept service for Master-Bilt, an unincorporated division of Standex International Corporation:

> On your real party in interest questions concerning Master-Bilt, Master-Bilt was always (since 1971) an unincorporated division of Standex International Corporation, with the same EIN, board of directors, exec management, etc. The FM policy is in Standex International Corp.'s name.
>
> This is consistent with the named tenant on the lease with your client - Master-Bilt - a Standex International Corporation Company.
>
> Please let this also serve as confirmation that my firm has been authorized and will a ccept service of process on behalf of Master-Bilt in connection with this litigation only.

*See* Doc. 71-1.

**WHEREFORE PREMISES CONSIDERED**, Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany would pray for the following relief:

1. Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany would pray that this Court issue an Order Dismissing the Clerk's Default [Doc. 73] against Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany

2. Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany would further pray that this Court deny Jasper Creek's request for an Order of Default against

5

Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany [Doc. 71].

3. Finally, Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany would pray that it be dismissed from the litigation in full for the reasons set forth in detail in its Motion to Dismiss [Doc. 57].

RESPECTFULLY SUBMITTED, this the 15th day of October 2020.

Respectfully Submitted,

/s/ S. Joe Welborn
Jefferson C. Orr (Admitted Pro Hac Vice)
S. Joe Welborn (Admitted Pro Hac Vice)
SMITH CASHION & ORR, PLC
One American Center
3100 West End Ave.
Suite 800
Nashville, Tennessee 37204
jorr@smithcashion.com
jwelborn@smithcashion.com
(615) 742-8555
Fax No.: (615) 742-8556

AND

H. Scot Spragins, MSB #7748
Hickman, Goza & Spragins, PLLC
P. O. Drawer 668
Oxford, MS 38655-0668
sspragins@hickmanlaw.com
(662) 234-4000

*Co-Counsel for Plaintiffs/Counter-Defendants Factory Mutual Insurance Company, as subrogee of Standex International Corporation and Standex International Corporation, and Counter-Defendant Master-Bilt Refrigeration Solutions d/b/a Master-Bilt New Albany*

**CERTIFICATE OF SERVICE**

   I do hereby certify that I have this date filed a true and correct copy of the above and foregoing Notice of Service with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record:

Jay Marshall Atkins
Ben Thomas Woodhouse
MCANGUS GOUDELOCK & COURIE
119 North 9th Street
Oxford, MS 38655
jay.atkins@mgclaw.com
ben@baileywomble.com
*Counsel for Steven Thomas d/b/a Thomas Wholesale Furniture and Salvage*

Bo Randle Brock
BROCK DEATON LAW FIRM
Post Office Box 2757
Tupelo, MS 38803-2757
bo@deatonlawfirm.net

*Co-Counsel for Jasper Creek, LLC*

Dan W. Webb
Brandi Elizabeth Soper
Roechelle R. Morgan
WEBB SANDERS & WILLIAMS, PLLC
363 N. Broadway
Tupelo, MS 38804
dwebb@webbsanders.com
bsoper@webbsanders.com
rmorgan@webbsanders.com
*Co-Counsel for Jasper Creek, LLC*

R. Jeff Allen
HUNT ROSS & ALLEN
P. O. Box 1196
Clarksdale, MS 38614-1196
rjallen@huntross.com

*Co-Counsel for Union County, Mississippi*

L.N. Chandler Rogers
ROGERS LAW GROUP, P.A.
P.O. Box 1771
201 West Bankhead Street
New Albany, MS 38652
chandler@rogerslawgroup.com
*Co-Counsel for Union County, Mississippi*

H. Scot Spragins
Hickman, Goza & Spragins, PLLC
P. O. Drawer 668
Oxford, MS 38655-0668
sspragins@hickmanlaw.com

*Co-Counsel for Plaintiffs*

Thomas L. Carpenter
CARR ALLISON
1319 26th Avenue
Gulfport, MS 39501
tcarpenter@carrallison.com

*Counsel for Nationwide Mutual Insurance Company*

   This 15th day of October 2020.

                     /s/  S. Joe Welborn